IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01805-PAB-MJW

BNP PARIBAS, a foreign company,

    Plaintiff,

v.

THE CITY OF CENTENNIAL, a municipal corporation of the State of Colorado,

    Defendant.

---

## STIPULATED MOTION FOR PROTECTIVE ORDER

*[handwritten annotation: "Amended (Docket no. 22) Protective Order"]*

---

BNP Paribas ("BNP") and the City of Centennial ("Centennial") (collectively, the "Parties") both stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined) and, as grounds, state as follows:

1. In this action, at least one of the Parties has sought and/or is seeking Confidential Information, as defined in Paragraph 2 below. The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could injure either: (1) the privacy interests of individual merchants operating at the old Southglenn Mall or The Streets at Southglenn; or (2) one or more of the Parties' business or privacy interests.

Additionally, the Parties believe that it will facilitate the discovery process if there is also a procedure in place to deal with the inadvertent production of information that may be subject to various statutory and common law privileges. The Parties have entered into this Stipulation and request the Court to enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

## I. Definitions

2.  "Confidential Information" means: (1) individual monthly sales tax returns reflecting amounts assessed and remitted for Centennial City Sales Tax for merchants operating at the old Southglenn Mall and The Streets at Southglenn; (2) any documents related to sales tax audits conducted by the Colorado Department of Revenue or the City of Centennial for merchants operating at the former Southglenn Mall and/or The Streets at Southglenn; and (3) any information regarding the sales tax paid or collected by any Southglenn Mall, Streets at Southglenn, or other merchant; (4) confidential, financial, business information or personal information, or trade secrets that meet the standards of F.R.C.P. 26 (c), contained in any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one of the Parties in the manner provided in Paragraph 6 below. The attorneys each agree not to designate material as "Confidential Information" unless he or she is satisfied that they can demonstrate good faith reasons for treating the information in this fashion.

3. "Producing Party" means the party that produces Confidential Information.

4. "Receiving Party" means the party receiving Confidential Information.

## II. Designation of Material

5. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the word "Confidential" on each page of the document produced;

    b. With respect to electronically stored information that is not bates-numbered, by imprinting the word "Confidential" on the compact disc that holds the material produced;

    c. By imprinting the word "Confidential" next to or above any response to a discovery request; or

    d. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony or by designating on the record such portions as "Confidential" at the deposition or hearing. All counsel of record shall treat all deposition or hearing transcripts as "Confidential" for the first ten (10) days after receiving those transcripts.

6. If the Receiving Party objects to the designation of certain information as Confidential Information, he or she shall inform the Producing Party's counsel, in writing,

of the specific grounds of the objections to the designations. All counsel shall then in good faith and on an informal basis attempt to resolve such disputes. If the Parties cannot resolve the dispute, the Producing Party must file an appropriate motion with the Court within 20 days of the date the negotiations are terminated and request to maintain the confidentiality of the disputed material. If the Producing Party does not timely submit the motion to the Court, the designation will be deemed null and void. If timely submitted, the material shall continue to have Confidential Information status from the time it is produced until the ruling by the Court. The Producing Party shall have the burden of establishing the propriety of the designation.

### III. Restrictions on the Use of Designated Material

7. All Confidential Information provided by a Party shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever and shall be subject to the following conditions:

    a. Confidential Information may be disclosed, for the purpose set forth above, only to:

        (i) Counsel of record for the Parties, and attorneys, clerical, paralegal and other staff employed by such counsel who are assisting in the preparation and trial of this action, or in the representation in connection with this action;

        (ii) Parties and/or employees, or former employees, of the Parties who have direct responsibility for assisting counsel in

     the preparation and trial of the action or in the representation in connection with this case;

   (iii) Witnesses, experts, consultants, copying and clerical services, and other persons whom counsel, in good faith, require to provide assistance in the preparation and trial of the case, *provided that the individuals execute an affidavit in the form of Exhibit A*; and

   (iv) Court reporters and court staff in connection with the case.

  b. Confidential Information shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

8. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge such information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by Court order.

9. Counsel of the Receiving Party shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed, shall obtain and retain the original affidavits signed by qualified recipients of such information, and shall maintain a list of all parties to whom any Confidential Information is disclosed.

10. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation and pursuant to this Protective Order.

### IV. Motions to Seal

11. In the event Confidential Information is attached to any Court filing in this action, Parties are authorized and directed to file such Confidential Information under seal pursuant to D.C.COLO.LCivR 7.2.

12. On and after the Effective Date of this Order, a Party that intends to attach Confidential Information in or to a pleading shall provide the Producing Party not less than three days advance notice of its intention to do so.

### V. Inadvertent Disclosure

13. The inadvertent disclosure to another party of any document which is subject to a legitimate claim that the document should have been withheld from disclosure as a privileged attorney-client communication, as attorney work product, or as a communication or information subject to any other privilege or protection from disclosure, shall not constitute a waiver of any privilege or otherwise affect the right to withhold from production any other documents or information, even though such documents or information may relate to the same or a related transaction or subject matter as the document inadvertently disclosed.

14. Nothing herein shall preclude the Receiving Party from requesting the Court to determine whether the document or information is privileged and/or work

product information. In the event that the Receiving Party intends to challenge the claim of privilege, the Receiving Party may retain a copy of such document for such purposes.

## VI. Completion of Litigation

15. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

16. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents or information produced subject to it.

17. Subject to any applicable requirements of the Colorado Rules of Civil Procedure, or the Local Rules, the provisions of this Protective Order shall, absent written permission of the Producing Party or further order of this Court, continue to be binding throughout and after the conclusion of the case, including without limitation any appeals therefrom. Unless all of the Parties agree in writing otherwise, at any time after 45 days after receiving notice of the entry of an order, judgment, or decree finally disposing of all litigation in which Confidential Information was produced, all Receiving Parties shall assemble and return to any Producing Party or, alternatively, destroy and provide certification of destruction, all Confidential Information received directly or indirectly from the Producing Party, including all copies thereof and all summaries and other material containing or disclosing such information, except outside counsel of record may retain in its files a complete set of filings with the Court, deposition

transcripts, and any written discovery requests and responses. The return of such material shall be acknowledged by the Producing Party in writing.

### VII. Miscellaneous

18. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Colorado Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

19. If another court or an administrative agency subpoenas or orders production of Confidential Information which a Receiving Party has obtained under the terms of this Protective Order, such party shall promptly notify the Producing Party (of such Confidential Information) before complying with said request.

20. Notwithstanding anything to the contrary herein, any party may freely disclose its own Confidential Information in any manner it chooses, including to third parties, without impairing the obligations imposed by this Protective Order upon others.

21. By executing this Protective Order and abiding by its terms, the Parties do not waive, and expressly retain the right to assert in this case and in any administrative investigation or any other investigation or lawsuit, the application of any common law or statutory privileges or any theory of immunity with respect to non-disclosure of Confidential Information.

DATED this 3rd day of ~~October~~ September, 2011.

BY THE COURT:

*[signature]*

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

APPROVED:

| | |
|---|---|
| /s/ Brandee L. Caswell | /s/ Kevin C. Paul |
| Brandee L. Caswell | Dean C. Heizer |
| David W. Stark | Kevin C. Paul |
| Amber L. Abbuhl | Edward T. Ramey |
| FAEGRE & BENSON LLP | Lila M. Bateman |
| 1700 Lincoln Street, Suite 3200 | HEIZER PAUL GRUESKIN LLP |
| Denver, CO 80203-4532 | 2401 15th Street, Suite 300 |
| Telephone: (303) 607-3500 | Denver, CO 80202 |
| Facsimile: (303) 607-3600 | Telephone: (303) 595-4747 |
| Email: bcaswell@faegre.com; | Facsimile: (303) 595-4750 |
| dstark@faegre.com; aabbuhl@faegre.com | Email: dheizer@hpgfirm.com; |
| | kpaul@hpgfirm.com; |
| ATTORNEYS FOR PLAINTIFF | eramey@hpgfirm.com; |
| | lbateman@hpgfirm.com |
| | |
| | ATTORNEYS FOR DEFENDANT |

fb.us.7280419.01

## AFFIDAVIT

STATE OF COLORADO       )
                        ) ss.
COUNTY OF _____   )

_____, swears or affirms and states under penalty of perjury:

    1.    I have read and understand the Protective Order in Civil Action No. 11-cv-01805-PAB-MJW, a copy of which is attached to this Affidavit.

    2.    I promise that I will not divulge, or undertake to divulge to any person or recording device, any Confidential Information shown or told to me except as authorized in the Protective Order.

    3.    I understand that the violation of the terms of the Protective Order will constitute a breach of the Protective Order and may subject me to sanctions, including contempt of Court and/or injunction, as well as a possible claim for damages.

    4.    For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the Court in this matter.

    5.    I will abide by and agree to be bound by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:
_____
_____

Telephone No.: (___) _____

SUBSCRIBED AND SWORN to before me this ___ day of _____, 20___, by _____.

WITNESS my hand and official seal.

_____
Notary Public

[SEAL]

My Commission Expires:_____

**EXHIBIT A**