IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   11-cv-01805-PAB-MJW

BNP PARIBAS, a foreign company,

Plaintiff(s),

v.

THE CITY OF CENTENNIAL, a municipal corporation of the State of Colorado,

Defendant(s).

## ORDER REGARDING
## (1) THE COLORADO DEPARTMENT OF REVENUE'S MOTION TO QUASH
## (DOCKET NO. 17)

## AND

## (2) PLAINTIFF BNP PARIBA'S COMBINED MOTION FOR ENTRY OF DISCOVERY ORDER AND RESPONSE TO MOTION TO QUASH
## (DOCKET NO. 20)

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on (1) The Colorado Department of Revenue's ("DOR") Motion to Quash (docket no. 17) and (2) Plaintiff BNP Paribas' Combined Motion for Entry of Discovery Order and Response to Motion to Quash (docket no. 20). The court has reviewed the subject motions (docket nos. 17 and 20), the responses (docket nos. 20 and 33), and the replies (docket nos. 26 and 40).  In addition, the court has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

2

This is an action to enforce Colorado statutes and an intergovernmental agreement regarding the imposition, collection, and distribution of sale taxes pledged by the City of Centennial, a municipal corporation of the State of Colorado ("Centennial"), to the repayment of special revenue bonds backed by Plaintiff BNP Paribas, a foreign company ("BNP").  In this action, BNP seeks a judicial order allowing disclosure of merchant sales tax returns but preserving the confidentiality of the information under a protective order previously issued by this court on September 30, 2011 (docket no. 22). Section 39-21-113(4)(a), C.R.S., Centennial Municipal Code § 4-1-1020, and § 29-2-106(4)(c)(II), C.R.S., expressly allow for such an Order upon demonstration of a compelling need.

In particular, BNP seeks production of the individual sales tax returns for merchants operating at the former Southglenn Mall and The Streets at Southglenn, as described in BNP's First Set of Written Discovery to Defendant, dated September 1, 2011, and BNP's subpoena under Fed. R. Civ. P. 45 to the Colorado Department of Revenue ("DOR"), dated September 19, 2011.  BNP argues that such tax information listed above in the possession of Centennial and the DOR constitutes the most reliable and least intrusive source of information to establish the correct sales tax base and the amount of pledged sales taxes due from Centennial.  BNP further seeks production of the monthly sales tax reports provided by DOR to Centennial ("Monthly DOR Reports"), but only to the extent that DOR is unable to locate and produce individual sales tax returns.

In this case, DOR objects to producing the sale tax information.  DOR contends that the sales tax returns are not automatically subject to disclosure under § 39-21-

3

113(4)(a), C.R.S., a general confidentiality statute that applies to sales tax returns and virtually all other tax records held by the DOR.  However, DOR has taken no position as to BNP's compelling need for the sales tax returns and the relevancy of the sales tax returns.  Moreover, DOR also argues that such sales tax information sought by BNP is available from a less intrusive source, namely, the monthly sales tax reports held by Centennial.

Centennial also objects to producing the sales tax information.  Centennial contends that § 29-2-106(4)(c)(II), C.R.S., prohibits disclosure of monthly DOR reports and that Centennial Municipal Code § 4-1-1020 [passed after Centennial signed the Pledged Fund Account ("PFA")] bars disclosure of the subject sales tax returns.  Centennial does not dispute the relevancy of the sales tax returns to BNP's claims in this action.

Here, I find that the sales tax information being sought by BNP from DOR and Centennial is relevant to BNP's claim that the sales tax base, as certified by Centennial, is incorrect, and as a result, Centennial has failed to deposit Pledged Revenue Funds into the PFA in breach of its obligation under the PFA.  See Complaint pp. 14-15, ¶¶ 68-79.  Further, I find that the confidentiality of the sales tax returns is not absolute, and discovery of such information may be granted "in accordance with judicial order or as otherwise provided by law."  See §§ 29-2-106(4)(c)(II) and 39-21-113(4)(a), C.R.S., and Centennial Municipal Code 4-1-1020.  In addition, I find that BNP has demonstrated a compelling need for the subject sales tax information because BNP has the burden of proof on its claims as outlined in the Complaint to show that Centennial has improperly certified the sales tax base, and as a result, has failed to deposit Pledged Revenue

4

Funds as required into the PFA. <u>Bonanno v. Quizno's Franchise Co.</u>, 255 F.R.D. 550, 555 (D. Colo. 2009) (a compelling need is demonstrated when the information requested is required to prove an element of one of the requesting party's claims). I also find that this sales tax information that BNP seeks is not available from a less intrusive source. The only other source for this sales tax information, except from DOR and Centennial, would be from the merchants' records, which would require BNP to individually subpoena the records for approximately 200 merchants, and many of these merchants are likely no longer in business, and many of these merchants were doing business and available when it was Southglenn Mall.

In accordance with subdivision (b) of Fed. R. Evid. 201, the conditions precedent to a court taking judicial notice are that the subject must be well known within the jurisdiction or, in the alternative, subject to verification by resort to a reasonably reliable source. The judge determines what a reasonably well-informed person within the jurisdiction would know to be true beyond reasonable dispute. Accordingly, this court takes judicial notice, pursuant to Fed. R. Evid. 201(b), that Southglenn Mall was torn down except for the Sears and Macy's buildings and replaced with The Streets at Southglenn, and a number of merchants that were tenants in the former Southglenn Mall are no longer retail merchants [tenants] in The Streets at Southglenn. It should be noted that the former Southglenn Mall was an indoor retail shopping mall whereas The Streets at Southglenn is considered an outdoor/outside type retail shopping mall.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this

5

court **ORDERS**:

1. That the Colorado Department of Revenue's ("DOR") Motion to Quash (docket no. 17) is **DENIED**. The DOR shall respond to Plaintiff BNP Paribas' subpoena under Fed. R. Civ. P. 45 dated September 19, 2011, on or before December 9, 2011;

2. That Plaintiff BNP Paribas' Combined Motion for Entry of Discovery Order and Response to Motion to Quash (docket no. 20) is **GRANTED**. The City of Centennial shall respond to Plaintiff BNP Paribas' Combined Motion for Entry of Discovery Order and Response to Motion to Quash (docket no. 20) on or before December 9, 2011;

3. That the information that Plaintiff BNP Paribas shall receive from DOR and Centennial per this ORDER is subject to the Protective Order dated September 30, 2011, entered in this case. See docket no. 22; and,

4. That each party pay their own attorney fees and costs for these motions.

Done this 21st day of November 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE